ON MOTION
LOURIE, Circuit Judge.

ORDER

The United States moves to dismiss this appeal for lack of jurisdiction. The Osage *44 Tribe of Indians of Oklahoma (“Osage”) opposes. The United States replies.
Osage sued the United States in the Court of Federal Claims (“CFC”), alleging that the United States breached its trust responsibilities to Osage in managing thousands of leases for oil, gas, and other minerals. Because of the complexity of the case, the CFC decided to adjudicate the case in phases. In the first phase, the CFC adjudicated a subsection of only four of the leases at issue, covering a period of only five scattered months between 1976 and 1989. After a trial on this first phase, the CFC awarded Osage approximately $1.8 million in damages and entered a judgment pursuant to Rule 54(b) of the Rules of the Court of Federal Claims. The United States appealed the judgment and now moves to dismiss the appeal.
Rule 54(b) of the Rules of the Court of Federal Claims provides:
When more than one claim for relief is presented in an action, whether as a claim, counterclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just l’eason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
The United States argues that the Rule 54(b) judgment was improper because the CFC did not finally adjudicate any separate claims for relief and that the CFC abused its discretion in determining that there was no just reason for delay. The United States asserts that the CFC’s determination “leaves dozens and dozens of virtually identical royalty payments unadjudicated that could be the subject of successive piecemeal appeals.”
A judgment is final under Rule 54(b) when it is an “ultimate disposition of an individual claim entered in the course of a multiple claim action.” Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). Courts analyzing whether Rule 54(b) applies must focus on the finality of the judgment and the separateness of the claims for relief. W.L. Gore & Assocs. v. International Med. Prosthetics Research Assocs., Inc., 975 F.2d 858, 862 (Fed.Cir.1992). The finality of such a judgment is reviewed by this court de novo. Id. Additionally, not all final judgments should be immediately appealable. Rather, a court “must take into account judicial administrative interests ... the equities involved ... [and] the historic federal policy against piecemeal appeals.” Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980).
Here, the CFC ruled only on five nonconsecutive months relating to only four of the leases at issue in this case. We agree with the United States that because the determinations regarding the five months at issue did not dispose of a separate claim for relief, but only a portion of a claim, the Rule 54(b) certification was improper. Further, the matters involved in the first phase of this case are not asserted to be factually and legally distinct from remaining issues in the case. Thus, we are not convinced that the CFC properly exercised its discretion in determining that *45 there was no just reason for delay. See Oklahoma Turnpike Authority v. Bruner, 259 F.3d 1236, 1242-43 (10th Cir.2001) (interpreting Fed.R.Civ.P. 54(b) and concluding that the district court’s determination on the ownership on two of five tracts of land was not final because the facts and law for all claims were so intertwined as to be inseparable.) Absent a proper 54(b) judgment, there is no final judgment and we lack jurisdiction over this appeal.
Accordingly,
IT IS ORDERED THAT:
(1) The motion to dismiss is granted.
(2) Each side shall bear its own costs.